IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN EUGENE MESERVE,

      Petitioner,

    v.                         Case No. 2:04-cv-1132
                                 JUDGE MARBLEY

STATE OF OHIO COURT OF COMMON
    BELMONT COUNTY,           Magistrate Judge KEMP
           Respondent.


## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

### I. PROCEDURAL HISTORY

According to the petition, this action concerns petitioner's January 10, 1985 convictions after a jury trial in the Belmont County Court of Common Pleas on two counts of burglary. Petitioner was sentenced to two terms of ten to twenty-five years, such sentences to be served consecutively. On January 10, 1986, the Court of Appeals affirmed petitioner's convictions and sentence, and on May 29, 1986, the Ohio Supreme Court dismissed petitioner's appeal.

On November 26, 2004, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

1.  The court erred in not granting motion to suppress testimony regarding a pre-trial identification and to suppress subsequent in court identification.

2.  Direct comment on accused['s] silence by prosecutor in closing.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions.  28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Where, as here, petitioner's convictions became final prior to April 24, 1996, the effective

date of the AEDPA, the petitioner had until April 24, 1997, to file his federal habeas corpus petition. *Carey v. Saffold,* 536 U.S. 214, 217 (2002); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Petitioner failed to file the instant action, however, until November 26, 2004.

Petitioner nonetheless argues that this Court should equitably toll the running of the statute of limitations from 1997 to 2004 because he was unaware that he could seek federal habeas corpus relief due to trial counsel's failure to discuss such remedy with him, and he did not learn that he could file a §2254 petition until working at the library in federal prison. *See Petition*, at 5. Petitioner asks that this Court to delay the start of the running of the statute of limitations until March 10, 2004, when petitioner obtained an affidavit from trial counsel. *See* Exhibit 7 to Petition.[1] Alternatively, petitioner argues that, because he did not know he could file a federal habeas corpus petition challenging his claims, he thereby did not learn of the factual predicate for his claims under 28 U.S.C. §2244(d)(2)(D) until March 10, 2004, when he obtained an affidavit from his trial attorney.

Neither of petitioner's arguments are persuasive.  Both of the claims presented for federal habeas review involve issues that occurred at trial, and thus petitioner was aware of the factual predicate for such claims at the time of his conviction in 1985.  Further, petitioner has failed to establish that equitable tolling of the statute of limitations is appropriate.  "[P]etitioner bears the...

---

[1]  Petitioner's trial attorney, Marlin J. Harper, states in relevant part:

> After the Ohio Supreme Court declined to hear his appeal, I told Brian E. Meserve that I could not do anything more for him.  I never discussed with Brian E. Meserve whether or not he had any right to collaterally attack the conviction, such as by the filing of a petition for habeas corpus.

Exhibit 7 to Petition, *Affidavit of Marlin J. Harper.*

burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

The record fails to indicate that petitioner lacked notice or constructive knowledge of the one-year filing requirement for habeas corpus cases, and it simply would not have been reasonable for petitioner to remain ignorant of the statute of limitations in habeas corpus cases for the time

4

period at issue here.  Further, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999);[2] *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003).  In view of the record, the Court concludes that petitioner simply failed to exercise due diligence in pursuing his claims.  Finally, respondent certainly will suffer some prejudice, if only in terms of time and expense, if this Court were to toll the statute of limitations in this case.

### III.

Based upon all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** for failure to comply with the one-year statute of limitations under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

---

[2]  The United States Court of Appeals for the Sixth Circuit stated as follows regarding the defense of ignorance of the law:

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra*, 197 F.3d at 218.

objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                              /s/ Terence P. Kemp
                              United States Magistrate Judge
```

.

6